UNITED STATES of America,
Appellee,

v.

Armando EUGENIO, Defendant–
Appellant.

Docket No. 00–1391.

United States Court of Appeals,
Second Circuit.

April 1, 2002.

**4**

B. Alan Seidler, Nyack, NY, for Appellant.

James Miskiewicz, Assistant United States Attorney for the Eastern District of New York, (Alan Vinegrad, United States Attorney, and Peter A. Norling, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present STRAUB, KATZMANN, Circuit Judges, and SESSIONS, District Judge.*

### SUMMARY ORDER

UPON SUBMISSION AND AFTER DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED, except for Appellant's claim that his counsel rendered ineffective assistance by failing to explain the law applicable to sentencing which is DISMISSED WITHOUT PREJUDICE.

Defendant–Appellant Armando Eugenio appeals from a judgment entered May 30, 2000 in the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*) convicting him of attempted possession with intent to distribute heroin, in violation of 21 U.S.C. § 846. Eugenio further appeals his sentence, arguing that his 120 months' term of incarceration was imposed in violation of the principles of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the reasons that follow, we reject all of Eugenio's claims except for his claim that his counsel rendered ineffective assistance by failing to explain the

---

* The Honorable William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

relevant law applicable to sentencing before Eugenio unsuccessfully attempted to enter a plea of guilty on April 30, 1998.

On December 3, 1997, Eugenio was arrested by United States Customs agents when he attempted to obtain a suitcase containing drugs from a courier who was cooperating with the government. Eugenio was charged by a grand jury with conspiring to possess with intent to distribute heroin and with attempting to possess with intent to distribute heroin, both in violation of 21 U.S.C. § 846. On April 30, 1998, Eugenio attempted to plead guilty to the conspiracy charge, but the plea was rejected by the District Court because it found Eugenio's allocution to be insufficient. After a second attempt to reach a plea agreement on May 11, 1998 proved unsuccessful, the case proceeded to trial. The jury acquitted Eugenio of the conspiracy charge, but convicted him on the charge of attempting to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. And while the jury rendered no finding as to the quantity of narcotics, Eugenio stipulated to the fact that the suitcase he attempted to obtain contained 2,438.2 grams of heroin. Soon after Eugenio was convicted, his counsel was removed due to disbarment proceedings unrelated to Eugenio's case. Eugenio was eventually assigned new counsel who represented Eugenio during sentencing. At sentencing, Eugnio's presentence report ("PSR") recommended a sentencing range of 97 to 121 months, which was derived by combining the stipulated quantity of drugs with a downward adjustment for his role in the offense and an upward adjustment for obstruction of justice. The District Court adopted the findings of the PSR and also noted that the quantity of drugs subjected the defendant to a mandatory minimum sentence of 120 months. Therefore, the court sentenced Eugenio to 120 months.

Eugenio's first claim is that his conviction and/or sentence must be vacated because his counsel rendered ineffective assistance. A defendant asserting an ineffective assistance claim must be able to demonstrate: (1) that his counsel's performance, measured by an objective standard of reasonableness, was "deficient," and (2) that counsel's errors prejudiced the defendant. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Eugenio raises four ways in which his counsel rendered ineffective assistance. First, Eugenio contends that his counsel failed to move to suppress certain post-arrest statements. But given that these statements were made voluntarily after Eugenio was informed of his rights, we discern no basis upon which they could have been excluded. Thus, he is unable to establish prejudice resulting from his counsel's alleged failure. Second, Eugenio contends that his counsel employed a trial strategy that was against Eugenio's wishes. However, he presents no alternative trial strategy which would allow us to conclude that his counsel's chosen strategy was objectively unreasonable or caused him prejudice. Third, Eugenio claims ineffective assistance because his counsel failed to inform Eugenio of the disciplinary charges that led to the counsel's disbarment. But given that the disbarment proceedings were unrelated to his prosecution, Eugenio fails to demonstrate how those proceedings caused him prejudice.

Eugenio's final ineffective assistance claim is that his counsel failed to explain the law applicable to sentencing, causing his guilty plea to be rejected by the District Court on April 30, 1998. Eugenio alleges that before attempting to plead guilty, his counsel never explained the structure of the guidelines, the consequences of a cooperation agreement, the potential applicability of U.S.S.G. § 5C1.2, or what he needed to do to make a genuine allocution before the court. Failure to

provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance. *See United States v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998). On the record before us, we cannot determine whether defendant's counsel failed to provide such guidance and whether the defendant was prejudiced by the alleged failure. Because the factual record is at present undeveloped, we dismiss this claim without prejudice, thereby allowing Eugenio to pursue post-conviction relief in the district court in regard to this claim. *See United States v. Workman*, 80 F.3d 688, 701 (2d Cir. 1996). To be clear, we dismiss only the claim that Eugenio's counsel failed to provide adequate advice about entering a plea and sentencing prior to Eugenio's first attempt to plead guilty, which occurred on April 30, 1998. This does not include the quality of his counsel's assistance during subsequent plea discussions.

■ Eugenio's next argument is that the government provided insufficient evidence of his knowledge that the suitcase he attempted to obtain contained narcotics. Viewing the evidence presented at trial in a light most favorable to the government and drawing all reasonable inferences also in favor of the government, *see United States v. Walker*, 191 F.3d 326, 333 (2d Cir.1999), *cert. denied*, 529 U.S. 1080, 120 S.Ct. 1702, 146 L.Ed.2d 506 (2000), we must reject Eugenio's claim. The jury heard an abundance of evidence concerning the circumstances of the attempted pick-up, including witnesses who testified that Eugenio was supposed to pay the courier $5,000 in cash and documentary evidence establishing Eugenio's connection with overseas drug traffickers. Thus, the jury could properly have inferred that Eugenio knew that he was involved in the trafficking of narcotics.

■ Eugenio also challenges his sentence, primarily arguing that because the jury did not find the quantity of drugs attributed to him, his sentence violated the requirements of due process as articulated in *Apprendi* and its progeny. *Apprendi* held that "any fact (other than prior conviction) that increases the maximum penalty for a [federal] crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 530 U.S. at 490. In *United States v. Thomas*, we confirmed that the quantity of narcotics for offenses under 21 U.S.C. § 841 is an element of the offense which must be submitted to the jury. However, in so holding, we recognized that "the principle of *Apprendi* requires quantity to be charged in the indictment and found by a jury only in cases where the quantity results in a punishment above a statutory maximum." *Id.* at n. 3. Here, the statutory maximum is set by 21 U.S.C. § 841(b)(1)(C), which is applicable to offenses involving an unspecified amount of heroin. Section § 841(b)(1)(C) allows the District Court to sentence up to 240 months, far in excess of the 120 month sentence imposed here. Therefore, the fact that the District Court made quantity determinations does not implicate *Apprendi* concerns because the sentence imposed did not exceed the statutory maximum. *See United States v. Garcia*, 240 F.3d 180, 183 (2d Cir.), *cert. denied*, 533 U.S. 960, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001).

Nor does the fact that the District Court employed the use of a statutory minimum raise constitutional concerns. In *United States v. Guevara*, 277 F.3d 111 (2d Cir. 2001) we held that under *Apprendi*, a district court cannot impose a mandatory minimum sentence, based on a court-determined finding of drug quantity, if that sentence exceeded the otherwise applicable Guideline range. In *Guevara*, the district court determined that the defendant trafficked in greater than one kilogram of cocaine, which translated in that case to a

sentencing range of 168 to 210 months. However, the quantity of drugs also triggered the mandatory minimum sentence of 240 months set forth in 21 U.S.C. § 841(b)(1)(A). Because the district court found that the statutory sentence trumped the Guideline sentence, it sentenced the defendant to 240 months. We vacated the sentence, holding that

> by virtue of *Apprendi*, a statutory mandatory minimum sentence specified in either § 841(b)(1)(A) or § 841(b)(1)(B) cannot mandate a prison sentence that exceeds the highest sentence to which the defendant would otherwise have been exposed (i.e., the top of the federal Guideline range, based on district court findings under the Guidelines, with or without a departure) if the applicability of subsections (A) or (B) depends on a finding of drug quantity not made by the jury.

*Guevara*, 277 F.3d at 118. The instant case, however, fails to raise the concerns identified in *Guevara*. Here, the sentence imposed by the District Court (120 months) did not exceed the otherwise applicable range set by the Guidelines (97 to 121 months). Therefore, the principles articulated in *Guevara* are inapposite.

■■■ Eugenio also challenges the District Court's decision to adjust his sentence upwards for obstruction of justice and its refusal to grant a downward adjustment for family circumstances. We review findings made in regard to sentencing under an abuse of discretion standard. Here, the District Court had ample basis to conclude that Eugenio obstructed justice by making false statements to authorities and committing perjury in his trial testimony. Once these findings are established, the enhancement for obstruction of justice is mandatory. *See United States v. Friedman*, 998 F.2d 53, 57 (2d Cir.1993). As to the District Court's decision to not downwardly depart, except in narrow circum-

stances not present here, such a decision is not subject to review by this Court. *See United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.1998).

For the reasons set forth above, we AFFIRM both the judgment of conviction and sentence entered by the District Court, but DISMISS WITHOUT PREJUDICE Eugenio's claim that his counsel rendered ineffective assistance by failing to explain the relevant law applicable to sentencing before Eugenio unsuccessfully attempted to enter a plea of guilty on April 30, 1998.